# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OWEN KEIPER,<br><br>      Plaintiff,<br><br>v.<br><br>OFFICER VENTA, et al.,<br><br>      Defendants. | Case No. 3:13-CV-235 RRB<br><br>**<u>ORDER GRANTING SUMMARY<br>JUDGMENT AT DOCKET 41</u>** |

       This matter arises under 42 U.S.C. § 1983. Plaintiff, Owen Keiper, alleges that parole officers Venta and Brown deprived him of property without due process of law, in violation of the Fourteenth Amendment, and seeks damages. Plaintiff alleges in his Amended Complaint that his vehicle was impounded by Anchorage Police Department officers following his arrest on December 29, 2011. On January 14, 2012, a friend of Plaintiff's, Teresa Anzilini, went to Aurora Towing to inquire about the process for retrieving the vehicle. Plaintiff alleges that Aurora Towing told Ms. Anzilini that there was a "parole hold" on the vehicle and that it could not be released. Plaintiff alleges that such hold was placed on the vehicle by Parole Officers Venta and Brown. Docket 17 at 2. The vehicle was later sold at auction, including its entire contents of tools, clothing, and thirteen religious eagle feathers. *Id.* at 3. Plaintiff suggests that due to the intentional actions of the Parole Board, which he attributes to Defendants Venta and Brown, he "was deprived of his vehicle and its entire contents."

Docket 17 at 3. Plaintiff alleges that Officers Venta and Brown should have provided him with notice that his vehicle was subject to further retention. *Id.*

Defendants seek summary judgment, arguing that Keiper's claim is factually and legally unsupported. Docket 41. Specifically, Defendants argue that the State of Alaska did not seize Keiper's vehicle. Rather, because Keiper was driving under the influence of alcohol and without a valid license or insurance, his vehicle was seized by the Municipality at the time of his arrest and impounded for 30 days pursuant to the Anchorage Municipal Code.[1] Keiper concedes that his vehicle was seized by parties other than Defendants. Docket 49 at 2. Keiper also states that "it is apparent to the plaintiff that Aurora Towing Co. is actually guilty of stealing plaintiffs [sic] vehicle and its contents." Docket 49 at 4. These allegations are inconsistent with any claim that Officers Venta and Brown were responsible for seizing the vehicle.

---

[1] Anchorage Municipal Code Section 9.28.026(C)(1) provides as follows:

In the case of an alleged violation of section 9.28.019 [operating a vehicle without a valid license], 9.28.020 [operating under the influence], 9.28.022 [refusal to submit to a chemical test], 9.28.030 [driving without insurance], or 8.65.030 [soliciting], and in addition to the penalties set forth in those sections, the vehicle used in the alleged violation shall be impounded for 30 days if the person driving, operating, or in the actual physical control of the vehicle has not been previously convicted and shall be forfeited to the municipality if the person driving, operating, or in the actual physical control of the vehicle has been previously convicted. Impoundment may be accomplished through a seizure of the vehicle incident to an arrest or pursuant to a court order entered in the course of civil or criminal enforcement proceedings. Impoundment through a seizure of the vehicle incident to an arrest is at the discretion of the arresting officer.

The Court concludes that even if there was a "parole hold" on the vehicle, (a term with which neither Defendant is familiar), there is no evidence of the individual Defendants' personal involvement in the hold. Keiper has not produced any evidence that Defendants seized his vehicle without due process. Both Officer Brown and Officer Venta categorically deny that they ever spoke with Aurora Towing or anyone else to place a hold on a vehicle. *See* Docket 41 (Declaration of Jason Brown). Officer Brown attests that in ten years of service as a Probation Officer, he had never heard of placing a "parole hold" on physical property. *Id.* Keiper's probation file shows no mention of any hold placed on his vehicle. Docket 41-2 at 9-11. There is no statute or regulation which puts the impoundment and forfeiture of vehicles under the purview of the Division of Probation and Parole. Thus, it is beyond reasonable dispute that the vehicle was seized, impounded, and sold pursuant to Municipal, not State, authority. Given that the Municipal Code requires impoundment for 30 days, the vehicle would still have been under impoundment on January 14, 2012, when Theresa Anzilini allegedly went to Aurora Towing to seek release of the vehicle. The sole factual claim that Keiper has cited to show the involvement of probation officers in the impoundment of his vehicle is his allegation that an unnamed Aurora Towing employee told Ms. Anzilini on January 14, 2012, that there was a "parole hold" on the vehicle. Even if the alleged statement by an Aurora Towing employee that there was a "parole hold" on the vehicle were both admissible and credible, there is no evidence that the "hold" was placed by either Officer Venta or Officer Brown. "We reject the idea that mere presence at a search or membership in a group, without personal involvement in and a causal connection to the unlawful act, can create liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 939 (9th Cir. 2002).

Keiper's opposition to the motion for summary judgment contains no factual argument supporting his claim that Venta and Brown seized his vehicle and property. Anchorage Municipal Code plainly required the impoundment of his vehicle for at least 30 days after his arrest, which took place on December 29, 2011. Thus, Keiper's vehicle would have remained impounded under the authority of the Municipality at least until January 30, 2012. Keiper alleges only that he attempted, through a third party, to obtain release of his vehicle on January 14, 2012. The Municipality very likely would not release the vehicle at that time because the 30 days had not expired. Keiper has not produced any additional explanation as to when he next sought to obtain release of his vehicle, or when the vehicle was auctioned. The Court expresses no opinion as to whether the vehicle was appropriately auctioned. However, Plaintiff's allegation that his civil rights were violated by the Defendants in this matter fails. There is simply no support for the argument that Officer Venta or Officer Brown used their power as parole officers to detain Keiper's vehicle.

In light of the foregoing, the Motion for Summary Judgment at **Docket 41** is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** this 12th day of June, 2015.

            S/RALPH R. BEISTLINE
            UNITED STATES DISTRICT JUDGE